```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

HORACE BEARD,

                Plaintiff,

vs.     Case No. 2:03-cv-597-FtM-29DNF

PR, I. UDALI, NP, R. HEMPHILL, D.D.
COATES, R.N.H.S.A., WEXFORD HEALTH,
J. MOORE, PILAR GUDINO,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court upon the Defendants' Motions to Dismiss (Docs. # 34 and #35), filed on December 22, 2005, and December 28, 2005, respectively.  Plaintiff was advised twice that if a defendant filed a Motion to Dismiss, he would have twenty days to file a response. (See Docs. #36 and #13.)  Thus, this matter is now ripe for review.

**I.**

On October 20, 2003, *pro se* Plaintiff, while detained at the Charlotte Correctional Institute ("CCI"), filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] (See Complaint Doc. #1.)  In summary, the Complaint alleges that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment, specifically by acting with medical indifference, when

---

[1] The Court notes that the last Order dated Feb. 1, 2006 was returned undeliverable because Plaintiff was released over thirty days ago.

named Defendants did not re-prescribe certain medications[2] that Plaintiff had taken for eight years for his psoriasis. (Complaint p. 8).  Plaintiff states that Defendant Udall denied the medication because of its "bad side effects." (Id. at 9). Additionally, although unclear, Plaintiff states that he is not getting the medication for his "blood disorder." (Id. at 9.)  For relief, Plaintiff requests to be "transferred away from this facility," "proper medical treatment," and for $3,500.00. (Id. at 10.)

Defendants Gudino seeks the dismissal of Plaintiff's Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Def. Gudino Mot. to Dismiss, Doc. #35, pp. 1, 5-6.)  Defendants Udall, Hemphill, Coates, and Wexford Health Sources seek dismissal of Plaintiff's Complaint, arguing that the Complaint fails to state a case for deliberate indifference, *inter alia*. (Defs. Udal Hemphill, Coates, and Wexford Health Sources, Inc.'s Motion to Dismiss, Doc. #34, p. 2.)  As aside, the Court notes that service was not properly effectuated on Defendant Moore. (Docs. #30 and #31.)

First, the Court must determine whether Plaintiff's Complaint is barred by the PRLA before it addresses the merits of Plaintiff's

---

[2] It is not clear which medication Plaintiff had previously taken for the psorasis.  However, based on the Complaint, it is apparent that CCI prescribed A and D ointment, which is not the medication that had previously been prescribed.

suit. Boxer v. Harris, 437 F.3d 1107 (11th Cir. 2006). Defendant Gudino asserts that:

> Plaintiff has only pursued his administrative remedies to the extent that he submitted an informal grievance and a formal grievance. Plaintiff has not alleged that he submitted a timely appeal of those grievances to the Office of the Secretary of Corrections. Nor has Plaintiff attached any correspondence from the Office of the Secretary of Corrections. In fact the exhibits attached to the petition show that the Plaintiff could not have received the results from any appeal prior to filing the Complaint.
>
> Plaintiff signed the Complaint on October 1, 2003. However, the last grievance paperwork attached to the [Complaint] was signed by the Plaintiff on September 22, 2003. The last action taken by the officials at Charlotte Correctional Institute was signed on September 25, 2003. Therefore, for Plaintiff to have exhausted his administrative remedies he would have needed to file an appeal to the office of the Secretary of Corrections and received an answer from the appeal in five (5) days. Given that the correspondence must be sent by mail [it] is almost an impossibility for the Plaintiff to have filed an appeal and received an answer prior to filing the Complaint. And, since Plaintiff did not attach any correspondence either to or from the Secretary of Corrections to the Complaint it must be assumed that he did not file the appeal.

The Court acknowledges that the first grievance Plaintiff filed was dated September 10, 2003, was titled as both a formal and emergency grievance, and was addressed to the Warden. (See Doc. #1 p. 13.) The second grievance was dated on September 22, 2003, was written on an "Inmate Request" form, but was titled an "informal grievance," and was addressed to "medical." (Id. at 11.) The third grievance was dated September 15, 2003, was titled "Request for Administrative Remedy or Appeal," and was sent to the Secretary of

the Florida Department of Corrections ("D.O.C."). (Id. at 15.) In response, the Secretary of the Department of Corrections stated that Plaintiff did not followed the proper Inmate Grievance Procedure because Plaintiff did not submit an appeal at the institutional level and wait for a response before he filed an appeal with the Department of Corrections. Plaintiff is further instructed that he is "allowed an additional 15 days from the date this response was mailed to resubmit [Plaintiff's] grievance at [Plaintiff's] current location in compliance with the Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance."

**II.**

On April 26, 1996, the President signed into law the PLRA, which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Alexander v. Hawk,

159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion as a pre-condition to suit is jurisdictional in nature. Id. The Court is required to enforce this requirement *sua sponte*. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought--i.e. monetary damages-- is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford, 126 S. Ct. at 2387; (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id. (citing Porter v. Nussle, 534 U.S. at 525); and (3) to

"'reduce the quantity and improve the quality of prisoner suits.'" Id. (citing Porter, 534 U.S. at 524).

"[T]he PLRA exhaustion requirement requires **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit noting the "policies favoring exhaustion" held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

### III.

The Florida Administrative Code provides the relevant inmate grievance procedure. See Fla. Admin. Code Rule 33-103. Plaintiff is required to exhaust all available administrative remedies before pursuing a civil rights action. Specifically, the Florida D.O.C. provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code Rule 33-103.005-.006. Inmates may file informal grievances "within a reasonable time" of the date of the incident. Rule 33-

-6-

103.011(1)(a). Reasonableness is determined on a case by case basis considering the certain factors such as the availability of witnesses and evidence. Id.  If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida D.O.C.  Rule 33-103.007.

An inmate may bypass the filing of an informal and formal grievances and file a direct grievance with the Secretary.  Rule 33-103.007(6).  These grievances are in the nature of emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id.  If the inmate files a direct grievance he is required to clearly state whether the nature of the grievance is an emergency, an act of reprisal, or of a sensitive nature.  Rule 33-103.007(6)(a)(1). Further, the inmate is required to state the reasons for not initially bringing the complaint to the attention of the institution or facility.  Id. at (2.)  The Secretary has established the Bureau of Inmate Grievance Appeals to receive, review, evaluate and respond to grievances filed with the Secretary.  Rule 33-103.007(4).  If upon review it is determined that the grievance is not an emergency, an act of reprisal, or of a sensitive nature, the grievance shall be returned to the inmate with the reasons for the return specified and advise the inmate to

re-submit his grievance at the institutional level. Rule 33-103.007(6)(e).

Based upon review of Plaintiff's Complaint, the attached September 15, 2003 Grievance, and the Secretary of the Florida D.O.C.'s September 24, 2003 Reply, it is clear that Plaintiff has failed to properly exhaust his available administrative remedies. Woodford, 126 S. Ct. at 2387. At most Plaintiff filed a formal and informal grievance, respectively, at the institutional level. Nonetheless, Plaintiff filed an appeal to the D.O.C. before filing the informal grievance at the institutional level. Plaintiff did not file an appeal at the institutional level before filing an appeal to the D.O.C. Moreover, to the extent Plaintiff intended to file a direct appeal to the D.O.C., the D.O.C. notified Plaintiff that his appeal was denied and how to properly follow the grievance procedures.

Consequently, because exhaustion is a **pre-condition** to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it; and, because the Court finds that Plaintiff has failed to exhaust his available administrative remedies, the Court will grant Defendants' Motions and dismiss Plaintiff's Complaint.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Gudino's Motion to Dismiss (Doc. #35) is **GRANTED** as to all defendants pursuant to 42 U.S.C. § 1997e(a) and Plaintiff's Complaint is dismissed without prejudice.

2. Defendants', Coates, Udall, Hemphill, and Wexford Health Sources, Inc., Motion to Dismiss (Doc. # 34) is **DENIED** as moot.

3. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of August, 2006.

*[signature]*

JOHN E. STEELE
United States District Judge


SA:   alj
Copies: All Parties of Record